The opinion of the court was delivered by
Breaux, J.
This is an action to rescind a contract surrendering a lease; to be reinstated in possession of the leased property; and for the payment of the value of possession from the fifth of February, 1899. The defendant, in substance, avers abandonment of the lease by the plaintiff and estoppel.
On the second day of January, 1897, Armand Levy, owner of El Dorado, or Sarah Plantation, leased it to Kimbro, plaintiff, for a rental of fifty cents per ton of cane raised on the plantation each year for three years. The contract of lease was duly recorded. In the spring following, the owners of this plantation sold it to Joseph Weil for the sum of forty-seven thousand five hundred dollars cash. On the same *1557 day, Weil sold it to Pearce and Oanty for a similar amount on credit. The year following, Weil foreclosed against the vendees, Pearce and Canty, and at the sheriff’s sale he again became the owner of the property. In June of the same year, Joseph Weil sold the place to the Sarah Planting and Refining Co., represented by George B. Kimbro, its president.
On the 18th day of February, 1899, Joseph Weil bound himself to advance an amount to Kimbro, president of the Sarah Planting and Refining Co. for running the plantation. Weil, as a condition prece-. dent to the said loan by him, required that the Sarah Planting and Refining Company would obtain a surrender of the lease in question. In order to carry out this requirement of Weil, Kimbro consented to set aside the lease, the term of which was to expire on the first of January, 1900, The Sarah Planting and Refining Company, by resolution of February 6th, 1899, of record, accepted Kimbro’s proposal to sell the unexpired term of the lease of the plantation bearing the same name as that of the company. The assumption by the Sarah Planting and Refining Company of an indebtedness of Kimbro to Weil, constituted the consideration for which the lease was surrendered. The indebtedness thus assumed amounted to three thousand two hundred and forty dollars. As it has an important bearing upon the issues, we extract the following from the written agreement of surrender:
“New Iberia, La., Feb. 16th, 1899.
“ Be it known by these presents that the undersigned, Kimbro, having leased from the estate of Marx Levy in the year 1897, for a period of three years, that plantation known as Sarah Plantation, situated at Fausse point in Iberia parish, which at the time belonged to the heirs of Marx Levy, and now belongs to the Sarah Planting and Refining Company, Limited, desiring to facilitate the said corporation now owning said plantation in its! operations; and for and in consideration of the said Sarah Planting and Refining Co., Limited, assuming the indebtedness of G. B. Kimbro to Jos. Weil & Co. of New Orleans, La., in the sum of three thousand two hundred and forty 22-100 dollars, the said G. B. Kimbro hereby consents to and does cancel and annul the lease of said plantation for the balance of the term of said lease, delivering said property held by him as lessee to said corporation without any right or privilege reserved to him as lessee, but with reservation of *1558 all other rights in the premises.” This was signed by plaintiff, and the Sarah Planting and Manufacturing Company.
Plaintiff, through counsel, avers that Weil demanded acquisition of the lease by the Planting Company as a condition precedent to his contract, to make advances, but that he had nothing to do with the negotiations between the company and Kimbro, or the terms on which the surrender was made; that the purpose of the company was to obtain credit on'Weil’s books that would enable it to cultivate its plantation and to pay Kimbro the amount it obligated itself to pay him for the surrender of the lease. This is sustained by the evidence. It is also shown that Weil’s advances amounted to three hundred dollars. The company executed a check for five hundred dollars in part payment of the amount due for the surrender of the lease which Weil accepted but did not pay. lie, Weil, failed in March, 1899.
The proof also shows that from the date of the cancellation of the lease up to the sale under the executory proceedings in matter of the Hibernia Rank vs. Sarah Planting and Refining Co., the planting operations were-conducted at the expense and for the benefit of that company. . One. of the witnesses testified as follows: “The planting operations of 1899, were-started by Kimbro, and carried out and on by him till the cancellation of the lease”. The following is an admission of record. It admits that, George B. Kimbro is and was the president of the Sarah Planting and Refining Company at the date of the sale in matter of the Hibernia Bank vs. Sarah Planting and Refining Company. At the time of the sale there was n'o opposition filed, nor was there any-notice given to the bystanders relative to the lease now declared upon by George B. Kimbro, and that when Hechinger purchased, as well as his vendee Gajan, their knowledge of the facts relative to said lease were only such as-the public record disclosed.
After Weil had entered into the contract to advance the Sarah Planting • Company, the Hibernia Bank, transferee and holder of the notes which Weil held, foreclosed, and, at the sale Hechinger bought the property, and, subsequently sold it to Gajan who is one of the defendants in this suit. The judgment of the District Court rejected plaintiff’s demand as related to Gajan, and as to the Sarah Planting and Refining Company, co-defendant, it-dismissed the suit as in case oi non-suit. From the judgment, plaintiff prosecutes this appe'al.
The actio” against the owner of the property, Gajan, is an action *1559 against him as third possessor. The record does not disclose that he was in any manner a party to the different acts, sales and agreement entered into prior to his becoming a purchaser of the place, or that he knew anything about this lease of the place, or had. anything to do with its cancellation. There appearing nothing of record to the contrary, we must infer that he is a third possessor in good faith and his rights will be considered from that point of view.
After plaintiff, Kimbro, had surrendered the lease and consented to its cancellation, there was an end of all rights to the resolutory conditions. They were brought to a close by the agreement and could not be revived to the prejudice of the rights of this defendant. This lease was voluntarily cancelled, and, although Weil may have had nothing to do with the cancellation, it was cancelled at his instance. Kimbro sought his own interest from a business point of view. lie had an interest in the company known as the Sarah Planting and Refining Company, of which he was the President. He had an interest in obtaining advances to cultivate the plantation. From the foregoing it appears that the purpose in surrendering the lease was to free the property from all claims arising' under the lease in order that third persons might be free to contract with the owners. This being the object, it was not possible for the lessee to revive this right against third persons who had entered into a contract after its cancellation. Plaintiff being an interested party, is without right to the resolutory condition. The renunciation may be either expressed or tacit, says Laurent, Vol. 17, p. 138.
The following case is referred to by him: A father intervenes in a contract entered into between his son and the creditors of this son. He binds himself as security for the latter on the condition that it will have no effect unless his son gets the consent of all his creditors. It was stipulated, in addition, that the father would take possession of the assets of the son and sell them as he saw fit. The son neglected to obtain the signatures of all of his creditors; the father on being sued on this contract prayed for the resolution of the contract of suretyship. The court docided that having executed the concordat, in those particulars, that it was favorable to himself in intervening in the affairs of his son, he was, in consequence, without right to a resolution or a rescission of the contract. Ib.
In the case before us for decision, not only was the plaintiff interested in obtaining the advances which were made, to a limited extent, *1560 it is true, but afterwards lie remained silent when lie should have spoken if it was liis intention to claim anything under the lease. A public sale was made of the property and not the least objection was urged. ,Tt is well settled that when the owner of an immovable is present when it is offered for sale and sold and consents to its being sold as the property of another, he is thereby estopped, if the purchaser is an innocent third person. He, as president of the company, must have been legally notified of the intended sale of the plantation. Having placed oil the public records the cancellation on the faith of which the purchaser acquired the property at public auction in his presence, he must bear the consequences of his own acts.
This action is, in its nature, one for specific performance. Plaintiff asks to be restored to the possession of the property. The term of the lease being at an end, performance by Gajan by delivering the property to be cultivated under the lease is an imxiossibility. He, Kimbro, on the other hand, cannot carry out his contract, for he cannot go into Xiossession and make a crop for the remaining term of the lease already expired. Moreover, there can be no resolutory condition understood as forming part of such a cancellation as that ta which plaintiff consented. The resolutory condition is understood for the recovery of the property in a contract translative of, and not in a contract .abandoning- all claims to property in order that the owners of the proxierty may obtain necessary advances for its cultivation. The creditor who has a mortgage, or the owner who has a title to property, and who, in his interest, abandons it, is not entitled to the resolutory condition against an innocent third person in case of the non-payment of the promised consideration for the abandonment.
It should be borne in mind in considering the issues that plaintiff did not surrender the lease because he could not obtain its execution, but only for the reason that he desired to further the interest of the company of which ho was a member. If he met with a disappointment, both as relates to the advances and as to the consideration, it cannot be charged to the innocent purchaser, Gajan.
We have read with attention each of the decisions to which counsel for the xfiaintiff have directed our attention. In each case there was a price due on the purchase of an immovable xfiece of property which gave rise to vendor’s right to recover the property even in the possession of a third person, vendee.
*1561 In the case before us there was no sale or lease, and no price. There was an abandonment of the lease for a consideration which, under the circumstances, did not carry with it the right to the exercise of the resolutory condition.
As against the Sarah Planting and Refining Company, Limited, the other 'defendant, there can be no exercise of the right for it is not in possession and cannot, in view of that fact, be decreed to surrender possession.
We think the judgment does justice between-the parties, and for that reason, it is ordered, adjudged and decreed that it be affirmed.
Rehearing refused.